**IOWA UTILITIES BOARD, Petitioner,**

v.

**FEDERAL COMMUNICATIONS COMMISSION; United States of America, Respondents.**

**NATIONAL ASSOCIATION OF REG-ULATORY UTILITY COMMIS-SIONERS, Petitioner,**

v.

**FEDERAL COMMUNICATIONS COMMISSION; United States of America, Respondents.**

**The SOUTHERN NEW ENGLAND TELEPHONE COMPANY, Petitioner,**

v.

**FEDERAL COMMUNICATIONS COMMISSION; United States of America, Respondents,**

**BELL ATLANTIC CORPORATION; Bellsouth Corporation; Pacific Telesis Group, Petitioners,**

v.

**FEDERAL COMMUNICATIONS COMMISSION; United States of America, Respondents.**

**AMERITECH CORPORATION, Petitioner,**

v.

**FEDERAL COMMUNICATIONS COMMISSION; United States of America, Respondents.**

**US WEST, INC., Petitioner,**

v.

**FEDERAL COMMUNICATIONS COMMISSION; United States of America, Respondents.**

**GTE SERVICE CORPORATION; GTE Alaska, Incorporated; GTE Arkansas, Incorporated; GTE California, Incorporated; GTE Florida, Incorporated; GTE Midwest, Incorporated; GTE South, Incorporated; GTE Southwest, Incorporated; GTE North, Incorporated; GTE Northwest, Incorporated; GTE Hawaiian Telephone Company, Incorporated; GTE West Coast, Incorporated; Contel of California, Inc.; Contel of Minnesota, Inc.; Contel of the South, Inc., Petitioners,**

v.

**FEDERAL COMMUNICATIONS COMMISSION; United States of America, Respondents.**

**NEW YORK TELEPHONE COMPANY; New England Telephone and Telegraph Company, Petitioners,**

v.

**FEDERAL COMMUNICATIONS COMMISSION; United States of America, Respondents.**

**CINCINNATI BELL TELEPHONE COMPANY, Petitioner,**

v.

**FEDERAL COMMUNICATIONS COMMISSION; United States of America, Respondents.**

PEOPLE of the STATE of NEW YORK;
The Public Service Commission of the
State of New York, Petitioners,

v.

FEDERAL COMMUNICATIONS
COMMISSION; United States
of America, Respondents.

SBC COMMUNICATIONS,
INC., Petitioner,

v.

FEDERAL COMMUNICATIONS
COMMISSION; United States
of America, Respondents.

LOUISIANA PUBLIC SERVICE
COMMISSION, Petitioner,

v.

FEDERAL COMMUNICATIONS
COMMISSION; United States
of America, Respondents.

FLORIDA PUBLIC SERVICE
COMMISSION,
Petitioner,

v.

FEDERAL COMMUNICATIONS
COMMISSION; United States
of America, Respondents.

SOUTH DAKOTA PUBLIC UTILITIES
COMMISSION, Petitioner,

v.

FEDERAL COMMUNICATIONS
COMMISSION; United States
of America, Respondents.

The PEOPLE of the STATE of CALIFOR-
NIA; The Public Utilities Commission
of the State of California, Petitioners,

v.

FEDERAL COMMUNICATIONS
COMMISSION; United States
of America, Respondents.

UNITED STATES TELEPHONE
ASSOCIATION, Petitioner,

v.

FEDERAL COMMUNICATIONS
COMMISSION; United States
of America, Respondents.

Nos. 96–3321, 96–3406, 96–3410, 96–3414, 96–3416, 96–3418, 96–3424, 96–3430, 96–3436, 96–3444, 96–3450, 96–3453, 96–3460, 96–3507, 96–3519 and 96–3520.

United States Court of Appeals,
Eighth Circuit.

Sept. 27, 1996.

Before BOWMAN, WOLLMAN, and HANSEN, Circuit Judges.

PER CURIAM.

These matters pend on resisted motions for stay pending judicial review of the Federal Communications Commission's First Report and Order of August 8, 1996, *Implementation of the Local Competition Provisions in the Telecommunications Act of 1996,* CC Docket No. 96–98. The court has carefully reviewed the motion papers filed in support of the requested stay, and in opposition thereto, and has determined that oral argument should be heard on the motions. For the purposes of argument on the stay issues, the court has grouped the respective parties according to the court's current perception of their respective general positions on those issues as follows:

1. Incumbent local exchange carriers.
2. State utility boards.
3. The Federal Communications Commission and the United States.
4. Telecommunications carriers who seek entry and interconnection.

Fifteen minutes of oral argument time will be allocated to each group. The parties in each group shall select one advocate to make that group's argument. To the extent that the substance of the arguments may overlap each other, the parties sharing the same or similar views are encouraged to coordinate their arguments so that as many of the issues raised by the briefs can be explicated, and repetition may be avoided.

Argument shall be heard at 10:00 a.m. on Thursday, October 3, 1996, in the Court of

Appeals' Courtroom, Eighth Floor, United States Courthouse, 811 Grand Avenue, Kansas City, Missouri, before this panel of the court.

The clerk of this court (including the chief deputy clerk in the clerk's absence) is appointed as the case manager for these cases, with full power to establish briefing schedules, to determine brief lengths, to order joint briefs by two or more parties as their interests may appear, to initially align and realign the parties according to their interests, and to take any and all actions necessary to expedite the submission of the merits of these cases so that they will be ready for inclusion in the January 1997 St. Louis calendar before the same panel listed above.

Pending the resolution by the court of the pending motions for stay, IT IS ORDERED that the effective date of the Federal Communications Commission's First Report and Order of August 8, 1996, *Implementation of the Local Competition Provisions in the Telecommunications Act of 1996,* CC Docket No. 96–98, be and the same is hereby temporarily stayed until the order resolving the stay motions is filed.