96 F.3d 1116
 IOWA UTILITIES BOARD, Petitioner,
v.
FEDERAL COMMUNICATIONS COMMISSION; United States of
America,Respondents.
NATIONALASSOCIATION OF REGULATORY UTILITY COMMISSIONERS, Petitioner,
v.
FEDERAL COMMUNICATIONS COMMISSION; United States of
America,Respondents.
The SOUTHERN NEW ENGLAND TELEPHONE COMPANY, Petitioner,
v.
FEDERAL COMMUNICATIONS COMMISSION; United States of
America,Respondents,
BELL ATLANTIC CORPORATION; Bellsouth Corporation; Pacific
Telesis Group, Petitioners,
v.
FEDERAL COMMUNICATIONS COMMISSION; United States of
America,Respondents.
AMERITECH CORPORATION, Petitioner,
v.
FEDERAL COMMUNICATIONS COMMISSION; United States of
America,Respondents.
US WEST,INC., Petitioner,
v.
FEDERAL COMMUNICATIONS COMMISSION; United States of
America,Respondents.
GTE SERVICE CORPORATION; GTE Alaska, Incorporated; GTE
Arkansas, Incorporated; GTE California, Incorporated; GTE
Florida,Incorporated; GTE Midwest, Incorporated; GTE
South, Incorporated; GTE Southwest, Incorporated; GTE
North, Incorporated; GTE Northwest, Incorporated; GTE
HawaiianTelephone Company, Incorporated; GTE West Coast,
Incorporated; Contel of California, Inc.; Contel of
Minnesota, Inc.; Contel of the South, Inc., Petitioners,
v.
FEDERAL COMMUNICATIONS COMMISSION; United States of
America,Respondents.
NEW YORKTELEPHONE COMPANY; New England Telephone and
Telegraph Company, Petitioners,
v.
FEDERAL COMMUNICATIONS COMMISSION; United States of
America,Respondents.
CINCINNATI BELL TELEPHONE COMPANY, Petitioner,
v.
FEDERAL COMMUNICATIONS COMMISSION; United States of
America,Respondents.
PEOPLE of the STATE of NEW YORK; The Public Service
Commission of the State of New York, Petitioners,
v.
FEDERAL COMMUNICATIONS COMMISSION; United States of
America,Respondents.
SBC COMMUNICATIONS, INC., Petitioner,
v.
FEDERAL COMMUNICATIONS COMMISSION; United States of
America,Respondents.
LOUISIANA PUBLIC SERVICE COMMISSION, Petitioner,
v.
FEDERAL COMMUNICATIONS COMMISSION; United States of
America,Respondents.
FLORIDA PUBLIC SERVICE COMMISSION, Petitioner,
v.
FEDERAL COMMUNICATIONS COMMISSION; United States of
America,Respondents.
SOUTH DAKOTA PUBLIC UTILITIES COMMISSION, Petitioner,
v.
FEDERAL COMMUNICATIONS COMMISSION; United States of
America,Respondents.
The PEOPLE of the STATE of CALIFORNIA; The Public Utilities
Commission of the State of California, Petitioners,
v.
FEDERAL COMMUNICATIONS COMMISSION; United States of
America,Respondents.
UNITED STATES TELEPHONE ASSOCIATION, Petitioner,
v.
FEDERAL COMMUNICATIONS COMMISSION; United States of
America,Respondents.
 Nos. 96-3321, 96-3406, 96-3410, 96-3414, 96-3416, 96-3418,
96-3424,96-3430, 96-3436, 96-3444, 96-3450,
96-3453,96-3460, 96-3507, 96-3519 and 96-3520.
 United States Court of Appeals, Eighth Circuit.
 Sept. 27, 1996.
 
 Before BOWMAN, WOLLMAN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 These matters pend on resisted motions for stay pending judicial review of the Federal Communications Commission's First Report and Order of August 8, 1996, Implementation of the Local Competition Provisions in the Telecommunications Act of 1996, CC Docket No. 96-98. The court has carefully reviewed the motion papers filed in support of the requested stay, and in opposition thereto, and has determined that oral argument should be heard on the motions. For the purposes of argument on the stay issues, the court has grouped the respective parties according to the court's current perception of their respective general positions on those issues as follows:
 
 
 2
 1. Incumbent local exchange carriers.
 
 
 3
 2. State utility boards.
 
 
 4
 3. The Federal Communications Commission and the United States.
 
 
 5
 4. Telecommunications carriers who seek entry and interconnection.
 
 
 6
 Fifteen minutes of oral argument time will be allocated to each group. The parties in each group shall select one advocate to make that group's argument. To the extent that the substance of the arguments may overlap each other, the parties sharing the same or similar views are encouraged to coordinate their arguments so that as many of the issues raised by the briefs can be explicated, and repetition may be avoided.
 
 
 7
 Argument shall be heard at 10:00 a.m. on Thursday, October 3, 1996, in the Court of Appeals' Courtroom, Eighth Floor, United States Courthouse, 811 Grand Avenue, Kansas City, Missouri, before this panel of the court.
 
 
 8
 The clerk of this court (including the chief deputy clerk in the clerk's absence) is appointed as the case manager for these cases, with full power to establish briefing schedules, to determine brief lengths, to order joint briefs by two or more parties as their interests may appear, to initially align and realign the parties according to their interests, and to take any and all actions necessary to expedite the submission of the merits of these cases so that they will be ready for inclusion in the January 1997 St. Louis calendar before the same panel listed above.
 
 
 9
 Pending the resolution by the court of the pending motions for stay, IT IS ORDERED that the effective date of the Federal Communications Commission's First Report and Order of August 8, 1996, Implementation of the Local Competition Provisions in the Telecommunications Act of 1996, CC Docket No. 96-98, be and the same is hereby temporarily stayed until the order resolving the stay motions is filed.